```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------  X
                                          :
IRVING H. PICARD as trustee for           :    22cv769 (DLC)
BERNARD L. MADOFF INVESTMENT              :
SECURITIES LLC AND BERNARD L. MADOFF,     :    OPINION AND ORDER
                                          :
                   Plaintiff,             :
          -v-                             :
                                          :
RAFAEL MAYER, DAVID MAYER, MONTPELLIER    :
INTERNATIONAL LTD., PRINCE ASSETS         :
LTD., KHRONOS GROUP LTD., PRINCE          :
RESOURCES LDC, MONTPELLIER USA            :
HOLDINGS LLC, KHRONOS LIQUID              :
OPPORTUNITIES FUND LTD., and PRINCE       :
CAPITAL PARTNERS LLC,                     :
                                          :
                   Defendants.            :
                                          :
----------------------------------------  X
```

APPEARANCES:

For plaintiff:
David J. Sheehan
Oren J. Warshavsky
Carrie Ann Longstaff
Jason S. Oliver
Peter Barrett Shapiro
Tatiana Markel
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

For defendant Rafael Mayer:
Eric B. Fisher
Lindsay A. Bush
Sarah Dowd
Binder & Schwartz LLP
366 Madison Avenue, 6th Floor
New York, NY 10017

For defendant David Mayer:
Carls J. Canino
Matthew M. Graham

Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2200
105 West Flagler Street
Miami, FL 33130

Eugene Ernest Stearns
Stearns Weaver Miller, et al.
150 West Flagler Street
Suite 125
Miami, FL 33130

For defendant Prince Resources LDC and Prince Capital Partners LLC:
Daniel Hershel Tabak
Cohen & Gresser, LLP
800 Third Avenue
New York, NY 10022

For defendant Khronos Liquid Opportunities Fund Ltd.:
Daniel Stuart Alter
Yankwitt LLP
140 Grand St, Suite 705
White Plains, NY 10601

DENISE COTE, District Judge:

Defendants Rafael Mayer, Khronos Liquid Opportunities Fund Ltd., Prince Resources LDC, David Mayer, and Prince Capital Partners LLC have moved to withdraw their case from bankruptcy court pursuant to 28 U.S.C. § 157(d). For the following reasons, their motion is denied.

## Background

Plaintiff Irving H. Picard ("Trustee") is the trustee for the liquidation of Bernie L. Madoff Investment Securities ("BLMIS") and the estate of Bernie Madoff ("Madoff"). Bernie Madoff founded BLMIS in 1960. By the 1990s, however, BLMIS had become a Ponzi scheme. BLMIS did not purchase any securities on

behalf of its investors, and all profits it reported were fictitious.

Legacy Capital, Ltd. ("Legacy") was an investor in BLMIS, which the Trustee contends was controlled by David and Rafael Mayer.  Legacy was owned by several other companies, named as defendants in this action, which the Trustee also contends were controlled largely by David and Rafael Mayer.  Trustee alleges that the Mayers became aware in the mid-2000s that BLMIS was a Ponzi scheme but obscured this knowledge from their employees and from other investors, while extracting tens of millions of dollars in fictitious profits from BLMIS.

After Madoff's arrest for securities fraud in 2008, the Trustee was appointed under SIPA to liquidate BLMIS.  The liquidation was referred to bankruptcy court.  The Trustee then initiated an adversary proceeding against Legacy to recover BLMIS' transfers to Legacy.  Although that case is still ongoing, Legacy has indicated that it has insufficient assets to satisfy a judgment against it.  Trustee therefore initiated this adversary proceeding in bankruptcy court to recover assets that Legacy transferred to other entities it asserts are controlled by the Mayers.

Following the denial by the bankruptcy court of a motion to dismiss, the defendants filed a motion on January 28, 2022 in this Court to withdraw the bankruptcy reference.  The Trustee

3

opposed the motion on February 25.  The motion became fully submitted on March 11.

## Discussion

The defendants have moved to withdraw the reference, a referral which in this district is automatic, of this case to the bankruptcy court.  They bring their motion pursuant to § 157(d) of the Bankruptcy Code, which permits a district court to withdraw a reference "for cause shown."  28 U.S.C. § 157(d).  The defendants bear the burden of demonstrating cause for the withdrawal.

In deciding whether to withdraw a bankruptcy reference pursuant to § 157(d), a court considers the factors laid out in In re Orion Pictures, Corp., 4. F.3d 1095 (2d Cir. 1993).  These factors are "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law."  Id. at 1101.  Following the Supreme Court's decision in Stern v. Marshall, 564 U.S. 462 (2011), courts no longer give the core/non-core distinction a privileged position among the Orion factors.  In Stern, the Supreme Court held that a bankruptcy court's power to issue final judgment over a claim does not depend on whether that claim is core or non-core.  Stern, 464 U.S. at 482.  Accordingly, in addressing a § 157(d) motion, courts now

consider as well whether the bankruptcy court has the power to issue a final judgment in a case consistent with Article III of the Constitution.

Fraudulent conveyance claims, such as the one brought here, may not be finally adjudicated by a bankruptcy court without the parties' consent. See Stern, 464 U.S. at 492. The fact that a claim may need to be adjudicated ultimately in district court does not mean, however, that withdrawal is appropriate or even prudent at an earlier stage of the proceedings. Frequently, a district court is aided by the bankruptcy court's management of discovery and settlement discussions, and its preparation of the case for trial, including any decision on a motion for summary judgment and its creation of proposed findings of fact and conclusions of law. Following Stern, courts in this district have therefore usually declined to withdraw a bankruptcy reference in the early stages of a case, even if the case must ultimately be adjudicated by an Article III court. See, e.g., Lehman Bros. Holdings Inc. v. Standard Pac. Mortgage, Inc., No. 19CV04080, 2019 WL 7593628, at *2 (S.D.N.Y. Aug. 23, 2019) (listing cases).

The bankruptcy court in this district has been managing the BLMIS litigation since 2008, and the able bankruptcy judge to whom the litigation is currently assigned has been managing the

litigation for over a year.  This court will be greatly assisted by the bankruptcy court's continued management of this case.

The other Orion factors also weigh against withdrawal.  This is a core bankruptcy proceeding.  Although the defendants have a right to a jury trial, this factor is less relevant at this early stage, when the case is not trial-ready.  See In re Lyondell, 467 B.R. 712, 725 (S.D.N.Y. 2012).  Considerations of forum shopping also counsel against withdrawal.  Defendants have sought to withdraw the bankruptcy reference shortly after the bankruptcy court denied their motion to dismiss.  Withdrawing the bankruptcy reference may therefore encourage the use of a withdrawal motion as a litigation tactic for parties seeking a quick do-over of a bankruptcy court's adverse decision.

Finally, defendants argue that withdrawal would be beneficial because resolution of the claim and the defenses on that claim may depend in part on foreign law.  In particular, they point to this Court's decision in In re Tyson, 433 B.R. 68 (S.D.N.Y. 2010), to argue that this Court has experience with alter-ego and veil-piercing claims under English law, which they assert may be determinative in the bankruptcy proceeding.  To the extent that Tyson provides helpful guidance in the instant litigation, it is already available to the parties and the bankruptcy court.  Familiarity with the principles of law discussed in Tyson may have far less significance than the

development during discovery of the facts that are relevant to those principles and to the law of fraudulent conveyance.

## Conclusion

The January 28 motion to withdraw the bankruptcy reference is denied without prejudice to any renewed motion to withdraw when the case is ready for trial.

Dated:    New York, New York
          March 17, 2022

```
                              _____
                                     DENISE COTE
                              United States District Judge
```